IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORVIN ROY LaFORCE, JR. | § § § § | |
| Plaintiff | | |
| v. | § § § § § § | CIVIL ACTION NO. 5:10cv165 |
| PILGRIM'S PRIDE | | JUDGE _____ |
| Defendant | | JURY DEMANDED |

## COMPLAINT

Comes now Plaintiff Orvin Roy LaForce, Jr., who for his Complaint states as follows:

**I**

### Preliminary Statement

1. Plaintiff Orvin Roy LaForce, Jr., who was constructively discharged because of his disabilities or perceived disabilities, commences this action pursuant to the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101 *et seq.,* commonly referred to as the ADA which prohibits in relevant part employment discrimination based on disability.

2. Plaintiff LaForce seeks back-pay, reinstatement, restoration of lost benefits, compensatory damages and punitive damages together with statutory attorney fees as authorized by 42 U.S.C. §12117 which provides in relevant part that ADA victims have the same remedies available that are available to Title VII victims.

## II

## **Jurisdiction**

3. Jurisdiction over Plaintiff LaForce's ADA claim is conferred on this Court by 42 U.S.C. §12117(a) which makes the Federal Court jurisdiction provided by 42 U.S.C. §2000e-5(f)(3) applicable to ADA cases. The Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law.

## III

## **Parties**

### **Plaintiff**

4. Plaintiff Orvin Roy LaForce, Jr. is a citizen of the United States and a resident of Franklin County Texas.

### **Defendant**

5. Defendant Pilgrim's Pride is a corporation doing business in Texas. Defendant Pilgrim's Pride conducts business throughout the Eastern District of Texas. Defendant Pilgrim's Pride's agent for process is C.T. Corporation Systems, 350 N. St. Paul St., Dallas, Texas 75201.

## IV

## **Procedural History**

6. Plaintiff LaForce filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission [hereafter EEOC] on November 4, 2009. The EEOC issued a Right-to-Sue letter on August 9, 2010 and Plaintiff LaForce has satisfied all other procedural prerequisites prior to filing suit.

## V

## Facts

### Background

7.     Defendant Pilgrim's Pride is and was at all times relevant hereto an employer as defined by the ADA.  Specifically, Defendant Pilgrim's Pride had 20 or more employees during each working day continuously during the current and preceding calendar years and otherwise satisfies the definition of employer as that term is defined by the ADA.   In fact, Defendant Pilgrim's Pride had more than 1000 employees at all times relevant hereto.

8.     Defendant Pilgrim's Pride is and was an industry involved in interstate commerce at all times relevant hereto.

9.     Plaintiff LaForce was and is a covered individual and satisfies the definition of employee as set out by the ADA at all times relevant hereto.

### What Happened

10.    Plaintiff LaForce was employed by Defendant Pilgrim's Pride from September 24, 2007 until June 24, 2009.

11.    Plaintiff LaForce has a serious disability that requires him to urinate frequently. Plaintiff LaForce is also bipolar and has suffered multiple nervous breakdowns requiring hospitalization. Both of these disabilities substantially effect major life functions.

12.    Plaintiff LaForce provided Defendant Pilgrim's Pride with a letter from his treating physician that Plaintiff LaForce required frequent restroom breaks on May 29, 2008.  The needed restroom breaks only required two or three minutes and Defendant Pilgrim's Pride

reasonably accommodated Plaintiff LaForce's need for these breaks until Plaintiff LaForce was transferred to a different department in the West Plant around June 18, 2009.

13. On June 22, 2009 Plaintiff LaForce's request for a restroom break was denied. Plaintiff LaForce was told by Supervisor Jordan Scott, Unknown Female Supervisor, and Boss David (last name unknown) that he could only go to the restroom on scheduled breaks. Plaintiff LaForce was also told that he was not going to receive special treatment.

14. Supervisor Scott said that Plaintiff LaForce's doctor's note did not make him any difference and that Plaintiff LaForce could not be treated special. Supervisor Scott also made vile gestures showing Plaintiff LaForce what he could do with his doctor's statement.

15. Plaintiff LaForce repeatedly urinated on himself because he was not allowed to go to the restroom.

16. Plaintiff LaForce was humiliated and embarrassed when he repeatedly urinated on himself.

17. Plaintiff LaForce reluctantly resigned his position on June 24, 2009 after he repeatedly urinated on himself because his supervisors would not let him use the restroom when needed despite the fact that he had a doctor's statement and was on medication.

18. Plaintiff LaForce was constructively discharged on June 24, 2009 because of his disabilities and Defendant Pilgrim's Pride's refusal to accommodate his actual and/or perceived disability.

19. The EEOC issued a Determination on June 2, 2010 finding in relevant part that Defendant Pilgrim's Pride had discriminated against Plaintiff LaForce on the basis of his disability in violation of the ADA when it denied Plaintiff LaForce a reasonable accommodation to his request to take necessary restroom breaks.

**Relief Requested**

20.     Defendant Pilgrim's Pride's wrongful acts and omissions as set out above are a proximate cause of Plaintiff LaForce's damages including injunctive relief, lost income, lost benefits, mental pain and suffering, emotional distress, humiliation and embarrassment. Plaintiff LaForce also seeks compensatory damages, punitive damages, reinstatement and statutory attorney fees.

21.     Defendant Pilgrim's Pride's acts and omissions as set out above are willful, wanton, reckless, intentional, and malicious rendering the appropriate the award of punitive damages.

**VI**

**Cause of Action**

22.     Defendant Pilgrim's Pride's acts and omissions set out above amount to an intentional violation of th ADA as amended by the ADA Amendments Act of 2008. Therefore, Plaintiff LaForce is entitled to equitable relief, compensatory damages, punitive damages, and a reasonable attorney fee as authorized by the ADA as amended by the ADA Amendments Act of 2008.

**VII**

**Jury Demand**

23.     Plaintiff LaForce demands a trial by jury on all issues so triable.

## VIII

### **Prayer for Relief**

WHEREFORE PLAINTIFF LAFORCE PRAYS THAT THIS HONORABLE COURT:

a.  Enter judgment against Defendant Pilgrim's Pride in behalf of Plaintiff Orvin Roy LaForce, Jr. for compensatory damages in the amount of $300,000.00 on the ADA claim except to the extent that this amount exceeds the "applicable cap";

b.  Enter judgment against Defendant Pilgrim's Pride in behalf of Plaintiff Orvin Roy LaForce, Jr. for punitive damages as allowed by the ADA in an amount sufficient to punish Defendant Pilgrim's Pride for its misconduct in the case at bar and an amount sufficient to deter Defendant Pilgrim's Pride from doing the same thing to somebody else;

c.  Enter an injunction against Defendant Pilgrim's Pride in behalf of Plaintiff Orvin Roy LaForce, Jr. requiring Defendant Pilgrim's Pride to reinstate Plaintiff Orvin Ray LaForce, Jr. and further requiring Defendant Pilgrim's Pride to reasonably accommodate Plaintiff Orvin Ray LaForce, Jr.'s disabilities and perceived disabilities;

d.  Grant Plaintiff Orvin Roy LaForce, Jr. a trial by jury on all issues so triable; and

e.  Grant Plaintiff Orvin Roy LaForce, Jr. any and all additional relief to which he may be entitled to, including pre-judgment interest, post judgment interest a reasonable attorney fee and costs.

      Respectfully submitted,

      /s/ *Curtis B. Stuckey*
      Curtis B. Stuckey,
      Attorney for Plaintiff LaForce
      Bar Card No. 19437300

      Stuckey, Garrigan & Castetter
      Law Offices
      2803 North Street/P.O. Box 631902
      Nacogdoches, Texas 75963-1902
      (936) 560-6020/FAX: 560-9578
      tonitomlin@yahoo.com