# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| ORVIN ROY LAFORCE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:10-CV-165 |
| v. | § | |
| | § | |
| PILGRIM'S PRIDE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Pilgrim's Pride's Motion to Dismiss. Dkt. No. 3. Also before the Court are Plaintiff Orvin Roy LaForce Jr.'s response and Defendant's reply. Dkt. Nos. 6 and 7. Having considered all the relevant papers and pleadings, the Court finds that Defendant's motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff claims that he was constructively discharged by Defendant because of Plaintiff's disabilities or perceived disabilities. Complaint, Dkt. No. 1 at para. 1. Plaintiff is bipolar and has suffered multiple nervous breakdowns requiring hospitalization. *Id.* at para. 11. Plaintiff also has a disability that results in him requiring frequent restroom breaks. *Id.* at para. 12. Defendant accommodated Plaintiff's bathroom break needs until Plaintiff was transferred to a different department on June 18, 2009. *Id*. On June 22, 2009, Plaintiff's request for a bathroom break was denied, and Plaintiff was told by various supervisors that he would not receive special treatment for his disability. *Id*. at paras. 13-14. As a result, Plaintiff repeatedly urinated on himself. *Id*. at para. 15. Plaintiff resigned on June 24, 2009. *Id*. at para. 17. Plaintiff alleges that he was constructively discharged on June 24, 2009, because of Defendant's refusal to

accommodate his actual and/or perceived disability. *Id*. at 18.

Defendant filed a voluntary Chapter 11 bankruptcy petition on December 1, 2008 in the Northern District of Texas, Fort Worth Division. Dkt. No. 3 at 2. On December 10, 2009, the Bankruptcy Court entered an order (the "Confirmation Order") confirming Debtor's Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan"). *Id*. The Plan became effective on December 28, 2009. *Id*.

## II. LEGAL BASIS

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). It is recognized that a motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).

Although "heightened fact pleading of specifics" is not required, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations omitted); *see also S. Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading

as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993))); *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992) (citation omitted) ("[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.").

### III.  DISCUSSION

In the above-captioned case, Plaintiff asserts a claim under the Americans with Disabilities Act ("ADA") and seeks to recover back pay, the value of lost benefits, compensatory damages, punitive damages, and attorney's fees. Defendant submits that Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff's claim was discharged in Defendant's bankruptcy proceeding. Dkt. No. 3 at 3. Defendant argues that Plaintiff's ADA claim falls within the definition of "claim" as set forth in the bankruptcy code. *Id*. at 5. Because Plaintiff's claims arose after the filing of the bankruptcy petition but before the confirmation of the Plan, Defendant urges that it is a claim that was discharged by the Plan.

Plaintiff responds that "persons damaged after a bankruptcy petition is filed are generally not precluded from filing a lawsuit." Dkt. No. 6 at 2. Plaintiff states that Plaintiff's claim arose after the deadline for filing proofs of claim had passed on June 1, 2009. Thus, according to Plaintiff, his ADA action was not a claim that was adjudicated by the bankruptcy proceedings. *Id*.

Defendant replies that under bankruptcy law, a "claim" is not limited to debts and remedies that arise pre-petition. Dkt. No. 7 at 1. Instead, submits Defendant, liabilities arising post-petition and pre-confirmation of the Plan are also subject to discharge upon confirmation of

the Plan. *Id*. Defendant argues that claims arising post-petition and pre-confirmation are discharged upon confirmation of the Plan. Defendant also submits that Plaintiff received ample notice and opportunity to file his ADA claim with the bankruptcy court but did not do so. *Id*. at 4. Thus, argues Defendant, Plaintiff's claims were discharged upon confirmation of the Plan.

The purpose behind reorganization under the Bankruptcy Code is to give the debtor a "fresh start," free from "the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 286 (1991). For this reason, the Bankruptcy Code makes clear that an order confirming a debtor's bankruptcy plan "discharges [all] debts arising prior to the date of confirmation." *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740 (8th Cir. 1996)(citing 11 U.S.C. § 1141(d)).

The parties do not dispute that Plaintiff's claim arose in June 2009, after Defendant filed its Chapter 11 petition and prior to the confirmation of the Plan in December 2009. Confirmation of a debtor's bankruptcy plan discharges debts arising prior to the date of confirmation. 11 U.S.C. § 1141(d). The Bankruptcy Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). "Claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Plaintiff's ADA claim clearly falls within the definition of a claim as contemplated by the Bankruptcy Code. *See McSherry*, 81 F.3d at 740.

Plaintiff argues that a cause of action giving rise to a claim under the Bankruptcy Code must have been triggered by an act that occurred prior to the filing of the bankruptcy petition. Because Plaintiff's claim arose after the filing of Defendant's bankruptcy petition, Plaintiff

argues that it was not discharged by the Plan. However, *In re Grynberg.*, 113 B.R. 709 (Bankr. D. Colo. 1990), the case relied upon by the Plaintiff, does not address the dischargeability of claims arising post-petition and pre-confirmation of a bankruptcy plan. Instead, the *In re Grynberg* court found that a claim that arose post-confirmation of the debtors' bankruptcy reorganization plan was not discharged by that plan. 113 B.R. at 710-711, 714. Accordingly, because Plaintiff's ADA claim arose prior to the confirmation of the Plan, Plaintiff's ADA claim was discharged by the Plan and is now barred. Defendant's motion should be granted.

## **CONCLUSION**

For the foregoing reasons, Pilgrims Pride's motion to dismiss is hereby **GRANTED**. Defendant is hereby **DISMISSED** from the above-captioned case.

**IT IS SO ORDERED.**

**SIGNED this 19th day of April, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE